

633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Stuart L. Gasner**
(415) 676-2209
sgasner@kvn.com

August 16, 2013

Hon. Yvonne Gonzalez Rogers
United States District Judge
USDC, Northern District of California
Ronald V. Dellums Federal Building
Courtroom 5 - 2nd Floor, 1301 Clay Street
Oakland, CA 94612

Re:   *Single Touch Interactive, Inc. v. Zoove Corp.*; Case No. 12-cv-00831 (N.D. Cal.)

Dear Judge Gonzalez Rogers:

Defendant Zoove Corporation ("Zoove") respectfully requests a pre-filing conference pursuant to paragraph 9 of Your Honor's "Standing Order in Civil Cases" to seek permission to file a summary judgment motion of invalidity and non-infringement that will dispose of *all* of the claims asserted by plaintiff Single Touch Interactive, Inc. ("SITO") as to the patents-in-suit, U.S. Patent Nos. 7,813,716 and 8,041,341.

Zoove believes that the Court's July 17, 2013 Claim Construction Order (the "CC Order") sets the stage for summary judgment on two principal grounds: invalidity and non-infringement. First, the motion will establish that claims containing the terms "information beyond/other than customer identification" ("IBCI") are invalid under 35 U.S.C. § 112. The Court's CC Order declined to construe IBCI, noting that "the Patents here appear to lack any 'objective anchor' that would notify the public of the meaning of the term IBCI, and the patentee's right to exclude others from practicing the invention, making the term fatally indefinite." CC Order at 18 (citing *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1347, 1350 (Fed. Cir. 2005)). A summary judgment motion will provide the Court with the evidentiary basis to declare invalid the claims in which the term IBCI appears, which include all independent claims of the patents-in-suit save one (claim 45), and their dependent claims. Second, based on the undisputed facts as to how Zoove's system works and the Court's CC Order, Zoove's motion will make plain that Zoove does not infringe Claim 45 or any other asserted claim of the patents-in-suit. A summary judgment motion will thereby dispose of all the claims at issue.

Zoove respectfully requests that the pre-filing conference be held simultaneously with the upcoming Case Management Conference on Monday, August 26, 2013. Although the Court's Standing Order states that Wednesday or Friday afternoons are the usual time for such a pre-filing conference, it makes sense to discuss Zoove's request to file a motion for summary judgment in conjunction with the overall scheduling of this case.

    A.    *The issue of invalidity due to indefiniteness of "information beyond/other than customer identification" is ripe for summary adjudication.*

As the Court noted in its CC Order, "[t]he Patents identify three concepts central to the system and method taught by the patents, an access code, a customer identifier, and 'information

776291

Hon. Yvonne Gonzalez Rogers
August 16, 2013
Page 2

beyond/other than customer identification,' or 'IBCI.'" CC Order at 17.  In its *Markman* brief, Zoove argued that one of those three central concepts, IBCI, was indefinite.  The Court largely agreed, expressing concern about the lack of guidance in the patent as to the meaning of IBCI.  The Court noted that "[t]he claim itself offers no guidance as to how to distinguish between 'customer identification' and IBCI," and added that "nothing in the specification gives any guidance as to what information is covered by the term IBCI, or how that information is different from the types of information already encompassed within the 'customer identification' umbrella." *Id*. at 17-18.  The Court also noted:  "IBCI purports to cover an unlimited expanse of information, with no explanation or limitation provided in the specification or otherwise." *Id*. at 18.  Accordingly, the Court concluded that "the Patents here appear to lack any 'objective anchor' that would notify the public of the meaning of the term IBCI, and the patentee's right to exclude others from practicing the invention, making the term fatally indefinite." *Id*.

While stating that IBCI was "fatally indefinite," the Court noted that it would not reach a decision on indefiniteness so as to invalidate the patents-in-suit because "invalidity generally requires proof by clear and convincing evidence." CC Order at 18 (citing 35 U.S.C. § 112, ¶ 2; *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1338 (Fed. Cir. 2008) and *Energizer Holdings, Inc. v. Int'l Trade Com'n*, 435 F.3d 1366, 1370 (Fed. Cir. 2006)).  By allowing a summary judgment motion now, the Court will be able to reach the issue of invalidity based upon indefiniteness under 35 U.S.C. § 112, ¶ 2 that it framed in its CC Order.

The issue of invalidity due to indefiniteness is often decided on summary judgment.  *See, e.g., Datamize,* 417 F.3d at 1356 (affirming grant of summary judgment due to indefiniteness); *Keithley v. Homestore.com, Inc.,* 636 F. Supp. 2d 978, 995 (N.D. Cal. 2008) (granting summary judgment due to indefiniteness).  A finding of indefiniteness as to IBCI would dispose of all the asserted claims, other than claim 45 and its dependent claims.  *See Datamize*, 417 F.3d at 1348 ("Since claim 1 is the '137 patent's sole independent claim, the court's grant of summary judgment of indefiniteness as to claim 1 invalidated each claim in the '137 patent.").

      B.     *The issue of non-infringement is appropriate for summary adjudication*.

To dispose of claim 45 and its dependent claims (and as an alternative ground for disposing of all other asserted claims), Zoove seeks permission to include non-infringement arguments in its summary judgment motion.  *See Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim.").  It will be a straightforward task to demonstrate how the Zoove system operates, and how it lacks several limitations of the asserted claims, as construed by the Court.

A summary judgment motion will demonstrate that Zoove's system is initiated with the entry of a "StarStar Number" such as "**NFL," which is routed to the Zoove platform and results in the return of content that is not dictated by the customer's identity.  The evidence will show that the scalability and capacity of Zoove's system depends on the ability to process calls *without* reference to information about the caller.  This is the very opposite of what the patents-in-suit require, as made clear by the claim language, the specification, and the prosecution history.[1]

---

[1] Applicants argued during prosecution that the "*relevant information* [provided to the customer is]… *based on* the access code, the *customer identification*, and information beyond mere

Hon. Yvonne Gonzalez Rogers
August 16, 2013
Page 3

Zoove's system does not infringe independent claims 1, 8, or 10 (or their dependent claims) because it does not employ the process envisioned by the patents-in-suit in which an "abbreviated dialing code" ("ADC") is used to access a system, after which a smart "wireless switch" performs key functions and routes critical information to a fulfillment center where "customer identification" and other information is processed and used to create and return information tailored to the customer. Zoove's system also operates in a fundamentally different way than required by claim 45. That claim requires the receipt of an "advertiser identifier" or a "product identifier" that is input after an ADC, as well as the return of information that is tailored to a specific customer. Zoove's system lacks this functionality as well. Thus, Zoove's summary judgment motion will demonstrate that its system does not infringe the patents-in-suit.

      C.    *An orderly and economical resolution of this case will be promoted by the early adjudication of a summary judgment motion.*

A summary judgment motion as described herein will promote an orderly resolution of this case. In its opening papers, Zoove will make a record as to why IBCI is indefinite, how its system works, and why it does not infringe. SITO's opposition – informed by limited discovery needed to respond to the motion – will attempt to show the definite meaning of IBCI, as well as why the Zoove platform infringes. This procedure will avoid a "shell game" in which SITO attempts to place different features of the Zoove system under the rubric of different claim terms in different settings. It will also avoid the expense and distraction of free-ranging discovery, especially on damages, unless and until SITO can overcome the considerable hurdles it now faces. This is particularly important to Zoove as a start-up company with limited resources.

Zoove believes the Court's claim construction ruling on the indefiniteness of IBCI presents a rare opportunity to file an early, narrow, case-dispositive summary judgment motion with relatively little discovery, a procedure that will conserve resources for all parties and the Court. While Zoove has raised other invalidity arguments, including under 35 U.S.C. §§ 102, 103, and 112 ¶1, it makes sense to defer those issues in favor of the motion for summary judgment described herein. Zoove reserves its rights pursuant to the Court's Standing Order to request leave to file summary judgment motions on these other grounds at a later date.

Respectfully submitted,

*[signature]*

STUART L. GASNER

SLG:em

---

customer identification." Resp. to Off. Action (5/8/09) at 19. This argument distinguished the claims from prior art in which "the information provided by the selected information service will be the same no matter what information was provided by the caller." *Id.*

776291