

100 S. Fourth Street, Suite 1000, St. Louis, MO 63102-1825 • 314.889.8000

**August 20, 2013**

Keith J. Grady
(314) 552-6883
(314) 231-1776  fax
kgrady@polsinelli.com

Hon. Yvonne Gonzales Rogers
United States District Judge
United States District Court, Northern District of California
Ronald V. Dellums Federal Building
Courtroom 5 - 2nd Floor, 1301 Clay Street
Oakland, California 94612

Re:   *Single Touch Interactive, Inc. v. Zoove Corp.*, Case No. 12-cv-00831

Dear Judge Gonzales Rogers:

    Plaintiff Single Touch Interactive, Inc. ("SITO") writes in response to Defendant Zoove Corporation, Inc.'s ("Zoove") August 16, 2013 letter requesting a pre-filing conference to seek leave to file a motion for summary judgment of invalidity and non-infringement with respect to U.S. Patent Nos. 7,813,716 and 8,041,341 (the "Patents-in-Suit").  SITO disagrees that the Court's July 17, 2013 Claim Construction Order (the "Order") "sets the stage" for summary judgment on either invalidity or non-infringement.

    First, while the Order declined to construe the term "information beyond/other than customer identification" ("IBCI") and raised questions regarding whether IBCI is invalid for indefiniteness, SITO believes that a complete evidentiary record will demonstrate that the meaning of IBCI is readily ascertainable to one of ordinary skill in the art (and was at the time of the invention).  Second, while SITO will seek leave to amend its Infringement Contentions in light of the Order, SITO believes the evidence will establish that Zoove's accused systems infringe the Patents-in-Suit.  Indeed, based on the information SITO has regarding those systems (*i.e.*, publicly available information and Zoove's limited document production), SITO is convinced Zoove infringes the asserted claims either literally or under the document of equivalents.  Further, there is a substantial amount of discovery that must occur before the critical issue of infringement can be resolved.  Zoove would deny SITO the right to conduct full discovery on this issue.

    A.   *The Evidence Will Show That The Term IBCI Is Not Indefinite.*

    The Court declined to construe IBCI and raised questions regarding whether the term is sufficiently "definite" within the meaning of 35 U.S.C. § Section 112, ¶ 2.  As the Court observed, however, "clear and convincing evidence" is required to invalidate a patent.  *See* Order

polsinelli.com

Chicago   Dallas   Denver   Kansas City   Los Angeles   New York   Phoenix   St. Louis   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California

099999 / 027783- 45983727.3



Hon. Yvonne Gonzales Rogers
August 20, 2013
Page 2

at 18 (citations omitted). Notably, the Court's observations regarding the potential indefiniteness of IBCI occurred in the context of claim construction, where extrinsic evidence is disfavored. Yet, the evidentiary record on a motion for summary judgment is not so limited. As the Court observed in rejecting Zoove's argument regarding the alleged indefiniteness of "specialized access code," "[c]laim definiteness is analyzed 'not in a vacuum, but always in light of the teachings of the prior art and or the particular application disclosure as it would be interpreted by one possessing the ordinary level of skill in the pertinent art.'" Order at 7 (citation omitted).

In fact, extrinsic evidence of the understanding of one of ordinary skill in the art is extremely important to the determination of indefiniteness, and Courts often deny motions for summary judgment of indefiniteness due to the presence of genuine issues of material fact raised by such evidence. As the Southern District of California remarked in denying a motion for summary judgment on this issue, "while the Federal Circuit has described the indefiniteness inquiry as a question of law, where evidence beyond the claims and written description may be reviewed, factual issues are likely to arise." *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2008 WL 3925723, *3 (S.D. Cal. Aug. 25, 2008) (citing cases where extrinsic evidence created genuine issue of material fact as to indefiniteness).[1]

For example, in *Bancorp Services, L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1374-76 (Fed. Cir. 2004), the Federal Circuit held that the District Court erred in refusing to consider expert testimony and other extrinsic evidence of how one skilled in the art would have understood the allegedly indefinite term, and reversed summary judgment of indefiniteness, even though the claim term was not defined in the patent specification. *See also Verve, LLC v. Crane Cams, Inc.*, 311 F.3d 1116, 1119-20 (Fed. Cir. 2002) (vacating summary judgment of indefiniteness because District Court refused to consider whether the extrinsic evidence removed ambiguity allegedly left by the intrinsic evidence). Here, as in the above cases, the evidence will demonstrate that IBCI is not indefinite.

B.   *The Order Does Not Establish Non-Infringement.*

Conceding that even a ruling of summary judgment of indefiniteness would not resolve the entire case, Zoove also proposes to file a motion for summary judgment of non-infringement – in particular, with respect to Claim 45 of each of the Patents-in-Suit and their dependent

---

[1] *See also Tarkus Imaging, Inc. v. Adobe Systems, Inc.*, 2012 WL 2175788, *5 (D. Del. June 14, 2012) (denying motion for summary judgment of indefiniteness because expert's opinion as to understanding of one of ordinary skill in the art created genuine issue of material fact); *see also Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 749 F. Supp.2d 130, 134 (S.D.N.Y. 2010).



Hon. Yvonne Gonzales Rogers
August 20, 2013
Page 3

claims, which do not include IBCI. Contrary to Zoove's contentions, publicly available evidence demonstrates that at least some of Zoove's programs utilize product/advertiser identifiers, exactly what Zoove asserts is missing from its systems. SITO also maintains that Zoove has infringed the other asserted claims, but, in light of the Order, some of SITO's original Infringement Contentions will need to be amended to address the doctrine of equivalents and indirect infringement theories. In sum, SITO believes that Zoove infringes the claims of the Patents-in-Suit in light of the Court's Order based on the limited information it has regarding Zoove's accused systems. However, SITO must conduct discovery into all of Zoove's systems to ascertain the complete scope of Zoove's infringement.

C.   *Zoove's Proposal Will Not Promote An Orderly, Economical or Fair Resolution.*

Zoove's proposal will not provide for an orderly, economical, or fair resolution of this case. Zoove understates the amount of discovery that must occur with respect to its proposed summary judgment motions – especially regarding non-infringement.[2] There has been essentially no fact discovery (aside from Zoove's limited production of one technical document pursuant to Patent L.R. 3.4(a)) regarding Zoove's accused systems. Thus, SITO has limited information regarding the accused systems. Infringement is the primary issue in every patent case, and fact and expert discovery regarding infringement issues each typically require several months. Yet, Zoove seeks to combine fact and expert discovery regarding the accused systems and the critical issues of infringement and invalidity into a 45-day period. Zoove's proposal is not only unrealistic and unworkable, but it would unfairly deprive SITO of the ability to prove its infringement case. Moreover, Zoove's motions ultimately will not dispose of this case and will lead to piecemeal litigation that is ultimately more time consuming and expensive than following a typical case schedule.

Respectfully submitted,

Keith J. Grady

---

[2] In this regard, SITO will need documents concerning, among other things, the complete architecture and operation of the various versions of Zoove's accused systems, Zoove's contracts and communications with wireless carriers and its customers, the technical interaction between Zoove and wireless carriers, as well as depositions from Zoove representatives and third parties on these issues.

45983727.3