UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SINGLE TOUCH INTERACTIVE, INC.,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**ZOOVE CORPORATION,**<br><br>    Defendant. | Case No.: 12-cv-831 YGR<br><br>**ORDER DENYING STIPULATED MOTION TO VACATE CLAIM CONSTRUCTION ORDER** |

The parties have filed a Stipulated Motion to Vacate Claim Construction Order. (Dkt. No. 78.) Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the motion.[1]

The Court entered its Claim Construction Order in this patent infringement action on July 17, 2013. (Dkt. No. 60.) The parties have now executed a settlement agreement and, pursuant to its terms, request that the Court vacate the Claim Construction Order.

In *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 29 (1994) (*"Bonner Mall"*), the Supreme Court held that appellate court vacatur of district court judgments in the context of settlement agreements should be granted only in "exceptional circumstances," which "do not include the mere fact that the settlement agreement provides for vacatur." The Supreme Court emphasized the public interests at stake in considering a request to vacate an order or judgment of the court, stating that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole… not merely the property of private litigants[,] and should stand unless a

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

court concludes that the public interest would be served by a vacatur." *Id.* at 26 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). Due to the "fact-intensive nature of the inquiry required," district courts exercise "greater equitable discretion when reviewing [their] own judgments than do appellate courts operating at a distance." *American Games, Inc. v. Trade Products, Inc.,* 142 F.3d 1164, 1170 (9th Cir.1998). Therefore, a district court in this circuit, even in the context of mootness by settlement, may vacate one of its own judgments absent exceptional circumstances. *Id.* at 1168–69. The proper standard is the "equitable balancing test," which balances the hardships of the parties and the public interests at stake. *Id.* at 1166; *Zinus, Inc. v. Simmons Bedding Co.,* No. C 07–3012 PVT, 2008 WL 1847183, at *1 (N.D.Cal. Apr. 23, 2008). The standard for vacatur of a non-final, interlocutory order is even less rigid. *See Persistence Software, Inc. v. Object People, Inc.,* 200 F.R.D. 626, 627 (N.D.Cal.2001) (comparing Federal Rule of Civil Procedure 54(b), governing vacatur of nonfinal orders, to Rule 60(b), governing vacatur of final judgments). Nevertheless, courts consider a number of factors in deciding whether vacatur is appropriate, including collateral estoppel effect, the parties' settlement incentives, public ownership of judicial decisions, and expenditure of courts' resources. *Cf. RE2CON, LLC v. Telfer Oil Co.*, 2:10-CV-00786-KJM, 2013 WL 1325183 (E.D. Cal. Mar. 29, 2013); *Cisco Systems v. Telcordia Tech., Inc.,* 590 F.Supp.2d 828 (E.D. Tex. 2008); *Zinus,* 2008 WL 1847183 at *1–2.

The parties argue that, by entering into the settlement agreement, they have resolved all claims and counter-claims without the necessity of further proceedings. Both sides have also forgone their opportunity for additional review and reconsideration. They further argue that public policy favors encourages settlement of private disputes. Here, they contend, vacatur of the claim construction order does not affect the public's interest because claim construction orders are not final. While the parties indicate in their motion that vacating the Claim Construction Order is a "significant factor" in their resolution of the litigation, they do not state that the agreement is expressly conditioned upon the Court granting the motion.

The Court finds that the equities do not favor vacating the Claim Construction Order here. The Supreme Court, refusing to vacate a judgment in *Bonner Mall*, held that judicial decisions are

not the property of private litigants, but are "valuable to the legal community as a whole." *Bonner Mall*, 513 U.S. at 26 (quoting *Izumi Seimitsu,* 510 U.S. at 40 (Stevens, J., dissenting)). Even if the Claim Construction Order here is not final, other courts may consider it for its persuasive value, particularly when construing the terms of the patents at issue here. Moreover, the Court expended substantial resources in reaching its decisions in the Claim Construction Order. The value of these efforts would be diminished if the order were vacated, increasing the possibility that other courts would be called upon to expend their resources to construe these same terms in the future. With respect to collateral estoppel, the Court cannot predict whether the Claim Construction Order here would be given a preclusive effect by any future court, or would be modified or reversed if an appeal were to be taken. Nevertheless, the decision may still be considered for its persuasiveness in construing the claims at issue here and other similar claims.

Though the parties' individual settlement expectations may be frustrated by denying the motion, this factor does not weigh heavily in determining whether the request ought to be granted. From the perspective of settlement incentives generally, denial of the motion may be viewed as discouraging settlement. On the other hand, however, permitting parties to vacate interlocutory decisions may discourage earlier settlement and instead incentivize parties to take cases through the entire *Markman* process, or other non-dispositive rulings, in order to test their positions, knowing they could effectively "erase" that decision through settlement later. *See Bonner Mall,* 513 U.S. at 28 (noting that parties may be encouraged to roll the dice rather than settle "if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur"); *cf. RE2CON, LLC v. Telfer Oil Co.*, 2:10-CV-00786-KJM, 2013 WL 1325183 (E.D. Cal. Mar. 29, 2013) (denying vacatur and noting that granting would only dissuade parties from settling before getting the court's rulings on non-dispositive motions); *Zinus, Inc. v. Simmons Bedding Co.,* No. C 07–3012 PVT, 2008 WL 1847183, at *1 (N.D.Cal. Apr. 23, 2008) (same); *Visto Corp. v. Sproqit Technologies, Inc.*, C-04-0651 EMC, 2006 WL 3741946, at *1 (N.D. Cal. Dec. 19, 2006) (same); *Allen-Bradley Co., LLC v. Kollmorgen Corp.,* 199 F.R.D. 316, 319 (E.D.Wisc.2001) (same). Earlier settlements conserve more of the judiciary's, and thus the public's, resources. Consequently, on balance, the public's interest generally favors denial of the motion.

3

In sum, the Court finds that the public's interest in the decisions of its judiciary, and in conservation of judicial resources, weigh more heavily in favor of denying vacatur than do the interests offered by the parties in this motion in favor of granting. Therefore, the motion is **DENIED**.

**IT IS SO ORDERED.**

This Order terminates Docket No. 78.

Date: November 26, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**